JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01365-FWS-JC                                      Date: September 13, 2024

Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                       Attorneys Present for Defendants:

Not Present                                                            Not Present

**PROCEEDINGS: ORDER GRANTING MOTION TO REMAND [22], REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, AND DENYING AS MOOT MOTION TO DISMISS [17]**

Before the court are two motions. The first motion before the court is Plaintiff Christina Abdelmalak's ("Plaintiff") Motion to Remand ("Motion to Remand" or "MTR"). (Dkt. 22.) Defendant ReOpen Diagnostics, LLC ("ReOpen"), Defendant Fady Gerges ("Gerges"), Defendant Melanie Weber ("Weber"), Defendant Porsche Goree ("Goree"), and Defendant Censia Pottorf ("Pottorf") (collectively, "Defendants") oppose the Motion to Remand ("Opposition" or "Opp."). (Dkt. 28.) Plaintiff also filed a Reply in support of the Motion to Remand ("Reply"). (Dkt. 30.) The second motion before the court is Gerges, Goree, Pottorf, and Weber's Motion to Dismiss ("Motion to Dismiss" or "MTD"). (Dkt. 17.) Plaintiff opposes the Motion to Dismiss. (Dkt. 23.) Gerges, Goree, Pottorf, and Weber filed a Reply in support of the Motion to Dismiss. (Dkt. 29.) The court found these matters appropriate for resolution without oral argument. (Dkt. 35.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion to Remand and **DENIES AS MOOT** the Motion to Dismiss.

**I.      Background**

Plaintiff was a Clinical Laboratory Scientist for ReOpen from September 28, 2021, through May 18, 2022. (Compl. ¶¶ 17-18.) Gerges was Plaintiff's direct supervisor, Weber and

**UNITED STATES DISTRICT COURT**

**JS-6**

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01365-FWS-JC                              Date: September 13, 2024
Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

Goree were Plaintiff's human resources representatives, and Pottorf was ReOpen's Chief Executive Officer[1], "who [Plaintiff] also reported to." (*Id.* ¶ 16.) On January 8, 2022, Plaintiff notified Defendants, including Gerges, "that she was pregnant." (*Id.* ¶ 23.) On January 14, 2022, Defendants asked Plaintiff to "work overtime due to an influx of additional work," and Plaintiff "would regularly work over her scheduled eight (8) hour shifts to approximately twelve (12) to fifteen (15) hours total in the COVID-19 Lab." (*Id.* ¶ 24.) "Around twelve hours into her shift on January 14, 2022," Plaintiff "was experiencing symptoms from her pregnancy-related disabilities and" told Defendants. (*Id.* ¶ 25.) Plaintiff asked "to leave to seek medical attention," but Defendants refused, asking her instead to "finish her shift." (*Id.*) Plaintiff "became increasingly tired and weak, and began experiencing irregular bleeding due to her pregnancy," to the point where her "co-workers noticed that she looked sick and pale." (*Id.*) Plaintiff told Defendants "of the bleeding, and once again asked [their] permission to end her shift and seek medical attention," after which Defendants "finally allowed her to clock out." (*Id.*) During an emergency room visit the following day, January 15, 2022, Plaintiff "received devastating news that she suffered a miscarriage to one of her twin babies because of her medical conditions." (*Id.* ¶ 26.)

On January 17, 2022, Plaintiff's doctor told Plaintiff that her pregnancy was considered "high-risk" and placed Plaintiff on disability leave "from January 18, 2022, through her due date, on or around September 10, 2022." (*Id.* ¶ 27.) Plaintiff provided Defendants documentation regarding her disability leave. (*See id.* ¶ 28.) On April 26, 2022, Plaintiff received a letter from ReOpen and Goree "stating her unpaid leave of absence due to her pregnancy disability was not approved because she did not qualify for FMLA or CFRA leave"; that Plaintiff was "expected to return to work on within five (5) business days on Thursday, May 05, 2022"; and that "[i]f we do not hear from you by Monday, May 02, 2022, we will consider your lack of response as a voluntary resignation of employment." (*Id.* ¶ 29.) On April

---

[1] ReOpen states that Pottorf is not Chief Executive Officer but rather Head of Human Resources. (Opp. at 7.)

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01365-FWS-JC                          Date: September 13, 2024
Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

___

28, 2022, Defendants sent Plaintiff additional letter "informing her that she did not qualify for FMLA /PDL leave." (*Id.* ¶ 30.)

On May 7, 2022, Plaintiff sent Defendants "another note from her doctor stating that she was in critical and serious condition due to her pregnancy disability, and she is unable to go back to work until the end of her pregnancy," and also "requested reasonable disability accommodation in the form of extended medical leave." (*Id.* ¶ 31.) However, Goree called Plaintiff that same day "stating that if she is not back to work on May 17, 2022, her employment will be terminated." (*Id.* ¶ 32.)

On May 8, 2022, Plaintiff complained to Pottorf "about the threats of her termination due to her disability leave of absence and the company's failure to accommodate the same," but "[m]inutes after [Plaintiff] sent the email, she discovered her company email was closed." (*Id.* ¶¶ 33-34.) Plaintiff "believes that the decision to terminate her employment was finalized immediately after, in retaliation for, her May 8th protected complaint." (*Id.* ¶ 34.)

On May 11, 2022, Plaintiff "received an email to her personal email address from [Weber] requesting to schedule a phone call to 'discuss' her protected complaint [to Pottorf]," which "'discussion' turned out to be [Plaintiff's] termination meeting." (*Id.* ¶ 35.) On May 18, 2022, Plaintiff "received a termination letter." (*Id.* ¶ 36.) In summary, Plaintiff "was fired while she was on pregnancy disability leave, and only three (3) days after filing a written complaint about pregnancy disability discrimination." (*Id.*)

In addition, Plaintiff alleges Defendants have "illegal meal and rest break practices, including the failure to provide coverage during meal and rest periods, not allowing meal and rest breaks, requiring [Plaintiff] to work during meal and rest breaks, and failing to provide accurate information on paycheck stubs in violation of Labor Code Section 226(a)." (*Id.* ¶ 39.)

On April 25, 2024, Plaintiff filed this case in Orange County Superior Court, asserting claims for (1) "violation of Pregnancy Disability Leave"; claims under California's Fair Employment and Housing Act ("FEHA") for (2) pregnancy discrimination, (3) pregnancy disability discrimination, (4) disability discrimination, (5) sex discrimination, (6) retaliation,

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01365-FWS-JC  Date: September 13, 2024
Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

(7) failure to prevent discrimination, harassment, and/or retaliation, (8) failure to provide reasonable accommodations, (9) failure to engage in the interactive process; a state law claim for (10) wrongful termination in violation of public policy; and claims under the California Labor Code for (11) retaliation, (12) failure to provide meal breaks, (13) failure to provide rest breaks, (14) failure to provide accurate wage statements, and (15) waiting time penalties.  (*See generally* Compl.)  Plaintiff asserts the California Labor Code claims against all Defendants; the remainder of her claims Plaintiff asserts only against ReOpen.

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").  If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson*, 437 F.3d at 899.  If a party is a corporation, the complaint must

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01365-FWS-JC                                           Date: September 13, 2024

Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

___

allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III. Discussion

ReOpen removed Plaintiff's case to this court, arguing that complete diversity exists because: (1) Plaintiff is a citizen of California; (2) ReOpen is a citizen of Delaware and New York; (3) Weber is domiciled in Maryland; (4) Pottorf is domiciled in Washington; and (5) Gerges and Goree were fraudulently joined such that their California citizenship should be disregarded. (Dkt. 1 at 4-5; *see* MTR at 3 (stating that the facts regarding each party's residence are "undisputed").) Plaintiff argues in the Motion to Remand that the parties are not completely diverse as 28 U.S.C. Section 1332 requires because Gerges and Goree were not fraudulently joined. (*See* MTR at 3.) The crux of the parties' dispute regarding whether this court has subject matter jurisdiction is whether Plaintiff could possibly state a claim against Gerges and Goree—parties who destroy otherwise complete diversity—under the California Labor Code, which question turns on whether each of them is "an owner, director, officer or managing agent" of ReOpen. (*See* Opp. at 6; Reply at 4-6); Cal. Labor Code § 558.1.

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-01365-FWS-JC                                     Date: September 13, 2024
Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

___

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, courts apply both a "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" of proving fraudulent joinder by "clear and convincing evidence." *Grancare*, 889 F.3d at 548; *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

ReOpen argues Gerges and Goree were fraudulently joined under the second theory, contending that Plaintiff cannot establish a cause of action against Gerges and Goree because "there is no possibility of individual liability against Goree and Gerges." (Opp. at 6-7); *see Hunter*, 582 F.3d at 1044. In response, Plaintiff maintains Gerges and Goree may be liable under the California Labor Code as directors, officers, or managing agents. (MTR at 5-8; Reply at 4-6.)

The California Labor Code provides that "[a]ny employer or other person acting on behalf of an employer" may be held liable for Labor Code violations. Cal. Labor Code

___

___

| UNITED STATES DISTRICT COURT | JS-6 |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |
| **CIVIL MINUTES – GENERAL** | |

| | |
|---|---|
| Case No.: 8:24-cv-01365-FWS-JC | Date: September 13, 2024 |
| Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.* | |

___

§ 558.1(a). Section 558.1 further defines "other person acting on behalf of an employer" to mean someone who "is an owner, director, officer, or managing agent of the employer." Cal. Labor Code § 558.1(b). Accordingly, the parties agree that Plaintiff may only assert California Labor Code claims against Gerges and Goree if they were owners, directors, officers, or managing agents of ReOpen. (*See* MTR at 5-8; Opp. at 4-8; Reply at 4-6.)

The court finds ReOpen has not met its heavy burden of demonstrating by clear and convincing evidence that Gerges and Goree were fraudulently joined. To carry that burden, ReOpen "must prove that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against" Gerges and Goree. *Gralnik v. DXC Tech., Inc.*, 2021 WL 5203333, at *4 (C.D. Cal. Nov. 8, 2021). ReOpen states that it has done so through "declarations showing that [Gerges and Goree] are not managing agents of ReOpen such that the causes of action against them all fail." (Opp. at 5.) Specifically, ReOpen first points to a declaration from Goree filed with the Notice of Removal. (Opp. at 7 (citing Dkt. 4 ("Goree Declaration" or "Goree Decl.")).) In relevant part, the Goree Declaration states:

> I was employed by ReOpen from February 28, 2022 to December 9, 2022. During all relevant times, I held the position of Senior Human Resources Manager. As a Senior Human Resources Manager, I implemented day-to-day Human Resources tasks for ReOpen's pandemic response laboratory space in Irvine, CA (the "Irvine Lab"). I was not an owner, director, or officer of ReOpen and did not exercise substantial authority over significant aspects of ReOpen's business. I did not exercise substantial discretionary authority over significant aspects of ReOpen's business. I did not have the authority to set or change corporate policy. I was below the level of ReOpen executives that set corporate policy.

(Goree Decl. ¶ 2.) ReOpen also points to Pottorf's Declaration filed with the Notice of Removal. (Opp. at 7 (citing Dkt. 5 ("Pottorf Declaration")).) In relevant part, the Pottorf Declaration states:

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01365-FWS-JC  Date: September 13, 2024
Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

___

> 7. Fady Gerges was employed by ReOpen from September 20, 2021 to July 22, 2022. During all relevant times, Gerges held the position of Senior Laboratory Supervisor. As a Senior Laboratory Supervisor, Gerges supervised a small number of lab technicians, including Plaintiff. Gerges was not an owner, director, or officer of ReOpen. Gerges did not exercise substantial discretionary authority over significant aspects of ReOpen's business. Gerges did not have the authority to set or change corporate policy. Gerges was below the level of ReOpen executives that set corporate policy.
>
> 8. Porsche Goree was employed by ReOpen from February 28, 2022 to December 9, 2022. During all relevant times, Goree held the position of Senior Human Resources Manager. As a Senior Human Resources Manager, Goree implemented day-to-day Human Resources tasks for the Irvine Lab. Goree was not an owner, director, or officer of ReOpen and did not exercise substantial authority over significant aspects of ReOpen's business. Goree did not exercise substantial discretionary authority over significant aspects of ReOpen's business. Goree did not have the authority to set or change corporate policy. Goree was below the level of ReOpen executives that set corporate policy.

(Pottorf Decl. ¶¶ 7-8.)

The court finds these conclusory declarations are insufficient to carry ReOpen's "heavy burden" to "prove that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against" Gerges or Goree. *Gralnik*, 2021 WL 5203333, at *4. Indeed, courts regularly reject such declarations as insufficient to carry a defendant's burden to show fraudulent joinder in the Section 558.1 context. *See, e.g.*, *Gonzalez v. Sheraton Operating Corp.*, 2020 WL 7042817, at *1 (C.D. Cal. Dec. 1, 2020) (granting motion to remand and finding insufficient fraudulent joinder showing in Section 558.1 context where, although the

___

---

<table>
<tr><td>UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES – GENERAL</td><td>JS-6</td></tr>
</table>

Case No.: 8:24-cv-01365-FWS-JC   Date: September 13, 2024
Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

---

plaintiff provided "only a conclusory allegation that Carroll is an owner, director, officer, or managing agent of his corporate employer," the defendant "has provided only an equally conclusory declaration that Carroll is not, and has never been, an owner, director, officer, or managing agent of Sheraton"); *Gralnik*, 2021 WL 5203333, at *5 ("[T]he three declarations provided by Defendants do not establish that it would be impossible for Plaintiff to allege a cause of action against Finch.  While the declarations submit that Finch was not personally involved in decisions regarding operations, compensation policy, or expense reimbursement, there is, for example, little information on how much authority Finch had in managing those responsible for the alleged wage and hour violations.  The declarations also provide little information on other key events that could have helped 'cause' the alleged violations. . . . [I]t is not obvious to the Court that Finch could never be individually liable."); *Kendrick v. Mindlance Inc.*, 2024 WL 709188, at *5 (C.D. Cal. Feb. 21, 2024) ("Although Defendants submit a declaration from defendant Benjamin, in which she denies the allegations and maintains she does 'not exercise substantial independent authority and judgment in corporate decision making,' Benjamin Decl. ¶ 5, the question of an individual's status under Section 558.1 is a question of fact for decision on a case-by-case basis."); *Ramirez v. Quad Graphics, Inc.*, 2023 WL 3254979, at *10 (C.D. Cal. May 4, 2023) ("Defendants have filed declarations, demonstrably drafted by Defendants' Counsel, in which both Mr. Alvarez and Mr. Ortiz state, in virtually identical language, that they lack the kind of discretionary authority over corporate policy necessary to hold them liable under Section 558.1.  The facts asserted in these declarations may very well be true, but since Defendants certainly have an interest in including declaration testimony that Individual Defendants are supervisors with little relevant authority while excluding any evidence to the contrary, the Court cannot take potentially self-serving submissions at face value.  A state court would potentially find that the allegations in the Complaint are sufficient to state a claim for Labor Code violations against Mr. Alvarez and Mr. Ortiz in their capacities as 'managing agents,' deferring resolution of the scope of their managerial duties to a motion for summary judgment and after Plaintiff had an opportunity to conduct discovery.  Even if not, a court would likely grant Plaintiff leave to amend.  On the basis of managerial liability alone, it is possible that a California court could find that Individual

---

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No.: 8:24-cv-01365-FWS-JC     Date: September 13, 2024
Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

---

Defendants are liable for Plaintiff's wage and hour claims.") (record citations omitted). Indeed, whether a party may properly be considered a "managing agent" depends on whether the party "exercise[s] substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy," which is "a question of fact for decision on a case-by-case basis." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566-67 (1999); *King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 713 (2020), *as modified on denial of reh'g* (Aug. 24, 2020) (reiterating this and also explaining that "the determination of whether certain employees are managing agents does not necessarily hinge on their level in the corporate hierarchy," but "[r]ather, the critical inquiry is the degree of discretion the employees possess in making decisions.").

In summary, the court concludes that this is not a case "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Grancare*, 889 F.3d at 548 (describing the sort of fraudulent joinder rulings the Ninth Circuit has upheld); *Kendrick*, 2024 WL 709188, at *5 (making similar statement in Section 558.1 context and collecting cases). Rather, the court concludes this is the sort of case "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 548-49 (describing the sort of fraudulent joinder rulings the Ninth Circuit has "declined to uphold").

To be sure, ReOpen has presented some evidence that Gerges and Goree were not owners, directors, officers, or managing agents of ReOpen and therefore cannot be held liable for the alleged Labor Code violations. (Goree Decl. ¶ 2; Pottorf Decl. ¶¶ 7-8.) In the end, it may be that Gerges and Goree are not liable for any such violations. But courts remand cases even when the potential liability against the purportedly-fraudulently-joined-defendant, "while possible, is actually quite unlikely." *Waterman v. Wells Fargo & Co.*, 2018 WL 287171, at *7 (C.D. Cal. Jan. 4, 2018). And the court finds that at this stage of the proceedings, ReOpen has not shown by clear and convincing evidence that Plaintiff cannot possibly state a claim against Gerges and Goree as managing agents. *See Grancare*, 889 F.3d at 549 ("A claim against a

---

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01365-FWS-JC  Date: September 13, 2024
Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

---

defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."); *Gonzalez*, 2020 WL 7042817, at *2 ("While it is fairly clear that Plaintiff's current conclusory allegations would not survive a motion under Rule 12(b)(6), the Court cannot conclude on the record before it that it would be impossible for Plaintiff to rectify the deficiencies in an amended complaint.  The determination of whether an individual is a 'managing agent' is a fact-intensive inquiry that does not rely on corporate labels.  Carroll was the Executive Chef at the hotel where Plaintiff worked and was Plaintiff's supervisor.  It is at least plausible that Carroll could have had the 'broad discretion ... to implement company policy in a discriminatory or otherwise culpable manner' that would make him a 'managing agent' for the purposes of California Labor Code § 558.1.") (record citations removed); *McBee v. Raytheon Techs. Inc.*, 2024 WL 182282, at *6 (C.D. Cal. Jan. 16, 2024) ("The propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record. . .  For that reason, courts routinely grant motions to remand even where, as here, a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant.") (cleaned up); *see also Waterman*, 2018 WL 287171, at *7 ("The present pre-discovery evidentiary record does not mean all that much, as the question is not whether Plaintiff has already *proven* that WFB and WFC are an 'integrated enterprise,' but whether it is *possible* for Plaintiff to state a claim against WFC under that theory.").

 Based on the court's finding that ReOpen has not shown by clear and convincing evidence that Plaintiff cannot possibly state a claim against Gerges and Goree, the court concludes that Defendants have failed to meet their burden of showing that Gerges and Goree were fraudulently joined such that their California citizenship should be disregarded for purposes of establishing diversity jurisdiction.  Considering Gerges and Goree's California citizenship means that there is not complete diversity, that the court lacks subject matter jurisdiction over this case, and that the case must be remanded.  *See Caterpillar Inc. v. Lewis*,

---

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01365-FWS-JC  Date: September 13, 2024

Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

519 U.S. 61, 68 (1996) (explaining that diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). Therefore, the Motion to Remand is **GRANTED** and this case is **REMANDED** to Orange County Superior Court.

Finally, Plaintiff asks the court to award her $12,935.00 in attorney fees under 28 U.S.C. § 1447(c). (MTR at 10; Reply at 6.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

After reviewing the parties' arguments and the evidence presented, the court exercises its discretion to decline awarding fees here. The court finds ReOpen's argument that Gerges and Goree were fraudulently joined did not lack any objectively reasonable basis, nor was ReOpen's asserted basis for removal clearly foreclosed by relevant caselaw. *See Martin*, 546 U.S. at 141; *Lussier*, 518 F.3d at 1065; *Gonzalez*, 2020 WL 7042817, at *2 (denying fees after motion to remand granted rejecting fraudulent joinder argument in Section 558.1 context); *Waterman*, 2018 WL 287171, at *8 ("Given that removal in this action was at least colorable, Plaintiff's request for costs and attorneys' fees is **DENIED**."). Accordingly, the court **DENIES** Plaintiff's request for attorney fees.

**IV.    Disposition**

| UNITED STATES DISTRICT COURT | JS-6 |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-01365-FWS-JC                                     Date: September 13, 2024

Title: Christina Abdelmalak v. ReOpen Diagnostics, LLC, *et al.*

    For the reasons stated above, the court **GRANTS** the Motion to Remand and **REMANDS** this action to Orange County Superior Court as case number 30-2024-01395957-CU-WT-CJC. The Motion to Dismiss is **DENIED AS MOOT**.

                                                                 Initials of Deputy Clerk: mku